UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEIGH CHURCHILL,

                              Plaintiff,

            -against-

OASIS OUTSOURCING VI, INC.
EMPLOYERS EDGE LLC; PEARLGREEN
CORPORATION; UFCW 888,

                              Defendants.

21-CV-5668 (CS)

ORDER TO AMEND

CATHY SEIBEL, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990 ("ADA"),

42 U.S.C. §§ 12112-12117; 42 U.S.C. § 1981 ("Section 1981"); the New York State Human

Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C.

Admin. Code §§ 8-101 to 131. He alleges that Defendants discriminated against him because of

his race and color. Plaintiff also bring unspecified claims under Section 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

By order dated September 30, 2021, Chief Judge Laura Taylor Swain granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons

set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of

the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.*(citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff brings this action against "Oasis Outsourcing VI, Inc. Employers Edge LLC" ("Oasis Outsourcing")[1]; Pearlgreen Corporation ("Pearlgreen"), his former employer; and UFCW 888, his union. He uses the Court's employment discrimination complaint form and attaches a typed narrative and other documents in support of his claims. On the form complaint, Plaintiff checks a box indicating color as the basis for his Title VII claim, and writes that Defendants "continuously withheld information about the incident and suspension by writing false allegations instead of facts." (ECF 2 at 3.) He also checks boxes to indicate that he is bringing claims under 42 U.S.C. § 1981, identifying his race as African-American, and under the ADA, identifying his disability or perceived disability as "Sec. 113 of division EE P.L. 116-260.CA." (ECF 2 at 4.) Plaintiff further cites to Section 301 of the LMRA, possibly intending to bring hybrid claims against his employer and union for breach of the collective bargaining agreement and duty of fair representation. In addition, he checks boxes indicating that his former employer provided him different terms and conditions of employment from those of similar employees, harassed him, and "took adverse action[] when documenting H.R. investigation[] during [his] suspension period." (*Id.* at 5.)

Plaintiff refers the Court to the typed narrative and documents for the facts giving rise to his claims. The following allegations are taken from those sources. Plaintiff was employed as a "picker" in Pearlgreen's warehouse in New Rochelle, New York. (*Id.* at 6.) On December 27, 2019, while "picking" an order, Plaintiff pushed a shopping cart so that it rolled unattended into a pallet. Three days later, "Lucy," the Human Resource Manager, approached Plaintiff and asked

---

[1] The complaint lists the first defendant as Oasis Outsourcing VI, Inc. Employers Edge LLC, but the docket lists the party as two different defendants: Oasis Outsourcing VI, Inc. and Employers Edge LLC.

him whether he was responsible for pushing the cart. When Plaintiff answered, "Yes," Lucy accused him of almost hitting an office worker who was passing through the warehouse with the cart. Plaintiff also learned that another warehouse picker had initiated a complaint against him, stating that Plaintiff had directed the cart towards that picker even though that picker was on the other side of the warehouse at the time. Lucy suspended Plaintiff for three days. After the meeting with Lucy, Plaintiff spoke to the office worker and apologized for almost hitting him.

On January 6, 2020, Plaintiff returned to Pearlgreen after the suspension "with the intention[] of moving forward." (*Id.*) The next day, however, the office worker who was involved in the shopping cart incident, approached him and Plaintiff learned of "misinformation" in the write up[2] of that incident.[3] (*Id.*) Plaintiff requested a copy of the write up, but Lucy responded by mentioning [Plaintiff's] criminal history and "threats of handling [Plaintiff's] type." (*Id.*) Plaintiff submitted grievance letters expressing his concerns on the write up and requesting a video of the shopping cart incident. (*Id.* at 9-10.)

On January 10, 2020, Plaintiff submitted a resignation letter in which he again requested a copy of the video of the December 27, 2019 incident and indicated that he was subjected to "discrimination, mental abuse[,] and unlawful harassment." (*Id.* at 11.) A few days later, on January 16, 2020, Plaintiff met with his union's representative and expressed his concerns about

---

[2] Throughout the complaint, Plaintiff refers to the December 30, 2019 "Employee Warning Notice" as a "write up."

[3] The December 30, 2019 Employee Warning Notice, which is attached to the complaint, states that on December 27, 2019, "Charlie P." – a coworker about whom Plaintiff had previously made "derogatory comments" – reported that Plaintiff had "pushed a cart at a high rate of speed directly at him." (ECF 2 at 8.) When the manager spoke to Plaintiff, Plaintiff denied the coworker's allegations and "became quickly agitated and was using profanity and was not approachable." (*Id.*) The manager told Plaintiff to take a walk, and when Plaintiff returned, "he was still agitated but in a better frame of mind." (*Id.*) The manager and others then met with Plaintiff, told Plaintiff that "he was valuable to [them] but the short temper, derogatory comments and any type of act that could cause harm to someone is unacceptable." (*Id.*)

the "factual documentation of the write up." (*Id.* at 6.) On January 29, 2020, after his union representative "refused to address facts and the discriminative issues," Plaintiff submitted a second "constructive resignation expressing the write up is discriminative." (*Id.* at 6, 13.)

Plaintiff brings this action asserting that the write up "failed to accurately document the situation [he] was suspended for," and he was "not hostile on the day of the incident and the cart was not directed towards anyone." (*Id.* at 6-7.) He asserts that Defendants discriminated against him by placing the false information in the write up and sharing it with the New York State Unemployment Insurance Appeals Board, and that as a result, he cannot get a fair hearing for unemployment insurance benefits. (*Id.* at 7.)

Plaintiff brings this action seeking money damages. He attaches to the complaint a Notice of Right to Sue issued by the United States Equal Employment Opportunity Commission on March 31, 2021.

## DISCUSSION

### A.    Claims against Oasis Outsourcing

Plaintiff names Oasis Outsourcing as a defendant, seeking to hold this party liable for the alleged discriminatory conduct. Under both Title VII and the ADA, a plaintiff may only seek relief against his "employer," which is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e-(b); 42 U.S.C. § 12111(5)(A). For a Section 1981 claim, a plaintiff must assert "some affirmative link to causally connect the actor with the discriminatory action." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004).

Here, Plaintiff does not provide any information on Oasis Outsourcing, such as its relationship with Pearlgreen – his former employer – that would make Oasis Outsourcing liable

for the alleged discriminatory conduct. The Court therefore dismisses Oasis Outsourcing from this action, without prejudice.

The Court grants Plaintiff leave to amend his complaint. If he names Oasis Outsourcing as a defendant in the amended complaint, he must state why this entity should be held liable for the alleged discriminatory conduct.

## B.      Claims under Title VII and Section 1981

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Section 1981 prohibits discrimination in the making and enforcing of contracts, including employment contracts, "on account of [a person's] race, ancestry, or ethnic characteristics." *Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987). Section 1981 "sets forth a remedy for employment discrimination that is independent of Title VII. . . ." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006).

To state a claim of discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: (1) he is a member of a racial minority; (2) the defendants intended to discriminate on

the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, he would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Plaintiff's allegations are insufficient to state a claim for race or color based discrimination under Title VII or Section 1981. He does not allege facts suggesting that his race or color played any role in the events leading to his resignation from Pearlgreen. Rather, the focus of Plaintiff's complaint is that Defendants "continuously withheld information about the incident and suspension by writing false allegations instead of facts" in the write up, which suggested that he acted in a hostile manner. (ECF 2 at 3.) Thus, Plaintiff appears to "rely on the fallacy that because [he] belongs to a protected class, it is plausible that anything negative that happened to [him] at work was because of [his] membership in that class." *Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 WL 1135480, at *15 (S.D.N.Y. Feb. 28, 2018) (collecting cases). But his assertions of discrimination are not sufficient to "nudge [his] claims across the line from conceivable to plausible to proceed." *EEOC v. Port Authority of N.Y & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014). Employers may be harsh, unfair or just plain wrong, but such conduct is only actionable if it occurred based on the employee's member ship in a protected class.

Plaintiff fails to allege facts suggesting that Defendants subjected him to discriminatory conduct in violation of either Title VII or Section 1981. He must allege in the amended complaint facts rendering it plausible that Defendants were motivated by his race or color in taking adverse employment action against him.

## C.    Claims under the ADA

Plaintiff also invokes the ADA, seeking to assert a disability-based discrimination claim. "The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Plaintiff fails to set forth any facts suggesting that he has or is perceived to have a disability within the meaning of the ADA. *See* 42 U.S.C. § 12102. He also does not allege any facts suggesting that Defendants subjected him to disability-based discrimination.[4] "There can be no action for violation of the ADA without an allegation that the complained of deprivation was a result of the plaintiff's disability." *Aquino v. Prudential Life and Cas. Ins. Co.*, 419 F. Supp. 2d 259, 277-78 (E.D.N.Y. 2005) (citation omitted).

Because Plaintiff does not allege facts suggesting that he is disabled or perceived as disabled within the meaning of the ADA, the Court dismisses his ADA claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If he amends on this claim, he must explain what his disability is and must provide facts rendering it plausible that Defendants' treatment of him was based on his disability.

---

[4] Plaintiff cannot assert a disability discrimination claim based on his criminal history. The ADA does not prohibit treating employees differently based on their criminal histories. *See, e.g., Idlisan v. Mt. Sinai Med. Ctr.*, No. 12 Civ. 8935 (PAC) (RLE), 2015 WL 136012, at *5 n. 6 (S.D.N.Y. Jan. 9, 2015) ("As with Title VII claims, Plaintiffs criminal history is inappropriate to consider under the ADA.").

## D.    Claims under Section 301 of the LMRA

Plaintiff also cites to Section 301 of the LMRA, but alleges no facts with respect to that claim. An employee may bring a claim under Section 301 of the LMRA against his union and/or his employer because (1) the employer breached a collective bargaining agreement, and (2) the union breached its duty of fair representation in redressing his grievances against the employer. *See White v. White Rose Food*, 128 F.3d 110, 113-14 (2d Cir. 1997). The employer's duty to honor the collective bargaining agreement is governed by Section 301 of the LMRA, 29 U.S.C. § 185, *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983), and the union's duty of fair representation of its members is implied under the scheme set forth in Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), *White*, 128 F.3d at 114. In a "hybrid § 301/fair representation" claim, the employee may sue the union or the employer, or both, but must allege violations on the part of both. *DelCostello*, 462 U.S. at 165.

There is a six-month limitations period for hybrid claims under Section 301 of the LMRA. It begins to run from "the time when plaintiff[] knew or reasonably should have known that such a breach had occurred." *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir.1995) (citing *DelCostello*, 462 U.S. at 169); *see also White*, 128 F.3d at 114.

Here, Plaintiff brings claims against Defendants stemming from events that occurred from December 27, 2019, to January 29, 2020, when he tendered his resignation for the final time. As Plaintiff knew of or reasonably should have known of the facts that are the basis for his hybrid claims, at the latest, by January 29, 2020, under the applicable six-month limitations period, he had until July 29, 2020, to file these claims. But Plaintiff filed this action eleven months later, on June 29, 2021, well beyond the expiration of the applicable limitations period. Any claims Plaintiff had under Section 301 of the LMRA were thus time-barred by the time he filed his complaint.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint or claim *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

Although Plaintiff's claims under Section 301 of the LMRA appear to be time-barred, he may file an amended complaint, as provided below, that includes that claim. If Plaintiff includes that claim, he must also plead facts showing that the limitations period should be equitably tolled.[5] Plaintiff's must also plead facts indicating that his employer breached a collective bargaining agreement, and that his union breached its duty of fair representation in redressing his grievances against the employer. *See White*, 128 F.3d at 113.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims under Title VII, Section 1981, the ADA and Section 301 of the LMRA. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.

---

[5] "Generally, a litigant seeking equitable tolling [of the statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

To the greatest extent possible, Plaintiff's amended complaint must:

a) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

b) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

c) give the location where each relevant event occurred;

d) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

e) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## E.    Information about the NYLAG Clinic

Plaintiff may also consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently **only** available by telephone.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 21-CV-5668 (CS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Plaintiff has consented to electronic service. (ECF 3.)

SO ORDERED.

Dated:     October 7, 2021
             White Plains, New York

_____
CATHY SEIBEL
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes    ☐ No

## AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

┌─────────────────────────────────────────────────────────────────┐

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

└─────────────────────────────────────────────────────────────────┘

# I.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name     Middle Initial   Last Name

Street Address

County, City        State      Zip Code

Telephone Number      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City      State     Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City      State     Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State                Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                State                Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me

- ☐  terminated my employment

- ☐  did not promote me

- ☐  did not accommodate my disability

- ☐  provided me with terms and conditions of employment different from those of similar employees

- ☐  retaliated against me

- ☐  harassed me or created a hostile work environment

- ☐  other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☐  Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge? _____

    ☐  No

Have you received a Notice of Right to Sue from the EEOC?

    ☐  Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice? _____

        When did you receive the Notice? _____

    ☐  No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

    ☐  direct the defendant to hire me

    ☐  direct the defendant to re-employ me

    ☐  direct the defendant to promote me

    ☐  direct the defendant to reasonably accommodate my religion

    ☐  direct the defendant to reasonably accommodate my disability

    ☐  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your
> complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address                City                State                Zip Code

_____
Telephone Number                E-mail Address

_____
Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

# Notice For
# Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call 212-659-6190 and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



**NYLAG**
New York Legal Assistance Group